|! CALOGERO, Chief Justice,
dissents from denial of the writ.
I believe this writ application should be granted and the ruling of the two lower courts taken up for review because I do not believe that summary judgment is appropriate at this stage, especially as discovery has not yet been completed. In my opinion, in this case there should be further discovery and subsequent exploration of the facts in a trial on the merits before the district court should determine whether the asbestos exclusion clauses in the defendants’ respective insurance policies apply. In my view, it is premature to enter judgment on whether the asbestos exclusion clause applies before it has been determined that the plaintiffs’ injuries are caused by asbestos or any of the other ailments included in the asbestos exclusion clause.
I would also grant to consider the applicability to this case of our opinion in Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/00), 774 So.2d 119, 139, where Justice Victory acknowledged in dissent that the majority decision in Doerr “will make it virtually impossible to determine coverage issues by declaratory judgment or summary judgement at the outset of litigation”, a view which has particular application in this case at this juncture. In Doerr, plaintiffs sought compensation from, among others, the parish department of water works, for personal injuries allegedly suffered following the consumption and/or use of water contaminated by 1 ¡¿he discharge of hydrocarbons into the parish water supply from *725 an oil refinery. We reversed a summary judgment in favor of defendants, holding that the total pollution exclusion endorsement in the insurance policy at issue was designed to exclude coverage for environmental pollution only, and thus was inapplicable. Similarly, in this case, plaintiff was exposed to asbestos not because defendants manufactured asbestos (just as the parish water works in Doerr was not an environmental polluter) but rather because the defendants provided a work environment in which water intrusion allegedly caused the delamination of asbestos insulation, resulting in a release of fibers into the air which she inhaled or ingested. In this case, defendants are not manufacturers of asbestos, and plaintiff is not a welder or a plumber or a journeyman who regularly handles asbestos or asbestos-containing materials; rather, she was a clerical worker in an office environment who was allegedly only exposed to asbestos because of persistent water leaks in the building, which is probably a covered peril under the insurance policies at issue. Therefore, I believe the asbestos exclusion clause should be examined to determine whether is it appropriate to apply it to the defendants at bar.
I do not necessarily take issue with the district court’s “upholding all of the asbestos exclusion clauses before the court”. However, it is entirely another matter for the district court to conclude that the asbestos exclusion clauses in this case are not only to be upheld as valid but also are applicable as a bar to the recovery of damages which plaintiffs seek in this case. The question has not yet been answered as to whether the bodily injuries at issue were caused by asbestos, or mold or other toxins brought on by excessive water leakage over a period of time in the Plaza Tower Building, as alleged, or a combination of both, or by some other cause. These questions are, in my view, still to be answered in this case after trial, irrespective of | .-¡whether the majority is correct here in blessing a summary judgment which upholds the asbestos exclusion clauses in the respective policies.
For these reasons, I believe the writ should be granted, and therefore I respectfully dissent from the writ denial.